UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| YVONNE L. KUBISZEWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-CV-863-HAB |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of the Social | ) | |
| Security Administration[1], | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Yvonne Kubiszewski ("Kubiszewski") appeal of the Social Security Administration's Decision dated July 25, 2019 (the "Decision"). Kubiszewski filed her Complaint against Commissioner of Social Security (ECF No. 1) on October 2, 2019. Kubiszewski filed her Brief in Support of Reversing the Decision of the Commissioner of Social Security (ECF No. 10) on March 5, 2020. Defendant Andrew Saul, Commissioner of the Social Security Administration (the "Commissioner"), filed his Memorandum in Support of Commissioner's Decision (ECF No. 15) on June 11, 2020. Kubiszewski filed her reply (ECF No. 16) on June 23, 2020. This matter is now ripe for determination.

**ANALYSIS**

**1.**   *Standard of Review*

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial

---

[1] Andrew Saul is now the commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also Section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, she "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of the ALJ's reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.** *The ALJ's Decision*

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, 3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether she has the residual functional capacity to perform her past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a); *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

First, the ALJ found that Kubiszewski last met the insured status requirements of the Social Security Act through June 30, 2017. At step one, the ALJ found that Kubiszewski had not engaged in substantial gainful activity from her alleged onset date of July 20, 2012, through her date last insured of June 30, 2017. At step two, the ALJ determined that Kubiszewski had the following severe impairments: degenerative disk disease, diabetes, obesity, and carpal tunnel syndrome on the right. The ALJ further found that Kubiszewski had the non-severe impairments of hypertension,

3

hyperlipidemia, migraine headache, gastroesophageal reflux disease, a kidney stone, herpes zoster keratitis of the left eye, ovarian cyst on the right side, and small anterior wall hernias. The ALJ found that Kubiszewski's mild degenerative changes in the right shoulder and right shoulder bursa injection were not medically determinable impairments.

At step three, the ALJ found that Kubiszewski did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (R. 595). At step four, the ALJ found that Lawrence had the residual functional capacity ("RFC") to:

> [p]erform sedentary work as defined in 20 CFR 404.1567(a) where the claimant can frequently handle, finger, and feel with the dominant right hand. She can occasionally climb ramps and stairs, as well as occasionally balance, stoop, kneel, and crouch. She can never climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs, but must avoid climbing ladders, ropes, scaffolds. The claimant can occasionally balance, stoop, kneel, and crouch, but never crawl. The claimant can never bend below knee height, never twist, never stretch, and never work at unprotected heights. Every 20 to 30 minutes, the claimant must be allowed to shift positions or alternate between sitting and standing for one to two minutes at a time, while remaining on task. She was using [a] medically necessary cane at all times while walking.

(R. 596). A foot note in the RFC noted that:

> The vocational expert testified that if an individual would need to stand for more than five minutes in every hour (60 minute period), that would result in the individual being off-task. During a typical 60 minute period, allowing a two-minute period for standing after 20 minutes of sitting, and then allowing 20 minutes of sitting followed by another two minutes of standing, would result in an individual standing for a total of four minutes during that 60 minute period. That four-minute period is less below [sic] the six-minute threshold that would result in the individual being off-task.

(R. 596). At step five, the ALJ determined that Kubiszewski was unable to perform her past relevant work. (R. 601). However, the ALJ found that there were jobs that existed in significant numbers in

4

the national economy that she could have performed. (R. 601). Therefore, the ALJ found that Kubiszewski was not disabled. (R. 601.)

### 3. *Medical Opinion Evidence*

Kubiszewski takes issue with the weight the ALJ assigned to the medical opinion of her treating physician, Dr. Laura Both. Dr. Both provided an opinion in May 2019, where she opined that Kubiszewski's pain would constantly interfere with attention and concentration, that she could sit for 15 minutes at a time but for less than 2 hours total in an 8-hour workday, and that she would need to take unscheduled breaks every 18-20 minutes for 5 minutes at a time. (R. 1278-80). Dr. Both also opined that Kubiszewski would only be able to use her hands to grasp, turn and twist objects for 25% of the workday, and she would only be able to use her fingers for fine manipulation for 50% of the workday. (R. 1281). The ALJ provided this little weight, noting that Dr. Both did not begin treating Kubiszewski until after her date last insured of June 30, 2017. (R. 600).

Agency regulations address the evaluation of opinion evidence for claims filed before March 27, 2017, in 20 C.F.R. § 404.1527. The regulations provide that, regardless of its source, an adjudicator will evaluate every medical opinion that she receives. 20 C.F.R. § 404.1527(c). An adjudicator is required to provide good reasons for the weight given to a treating source's opinion and will give a treating source's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." 20 C.F.R. § 404.1527(c)(2).

The ALJ did not err in providing Dr. Both's opinion little weight, as she did not begin treating Kubiszewski until six months after the date last insured, and no evidence relates her opinion back to the relevant time period. (R. 600). Kubiszewski attempts to argue that Dr. Both stated she reviewed all relevant medical records. (R. 1282). However, her opinion was given in May 2019, a

full two years after Kubiszewski's date last insured. Because she did not treat Kubiszewski during the relevant period, the ALJ was not required to give her deferential weight. The ALJ provided greater weight to the physicians who treated Kubiszewski during the relevant period. (R. 600-01). Although a claimant's "condition may have worsened since [their DLI] . . . the Social Security regulations require a 'disability' finding before a claimant's date last insured." *Pepper v. Covlin,* 712 F.3d 351, 369 (7th Cir. 2013). Kubiszewski has offered no evidence that Dr. Both's opinion in May 2019 accurately represents her limitations from July 20, 2012, through June 30, 2017. The ALJ properly explained his reasoning for providing little weight to Dr. Both's opinion.

Kubszewski also alleges that the ALJ improperly relied on Dr. Hix's opinions, when he did not have access to imaging from 2016 regarding her back impairments and carpal tunnel. She asserts that these medical records required greater limitations in the RFC assessment. However, she does not explain which limitations would be required. The burden is on the claimant to provide evidence of more restrictive limitations. More specific arguments regarding the RFC are discussed below. Because the ALJ made errors in the physical RFC assessment, the ALJ will have the opportunity to review the medical opinions and later imaging, and he will be able to further analyze whether a new medical opinion is needed to accommodate the 2016 imaging.

**4.** *Physical RFC*

Kubiszewski argues that the ALJ erred in finding that she could shift between sit and stand for 1-2 minutes while remaining on task by failing to support the decision with substantial evidence.

The RFC measures what work-related activities a claimant can perform despite his limitations. *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004). A claimant's RFC must be based upon the medical evidence in the record and other evidence, such as testimony by the claimant or her friends and family. 20 C.F.R. § 404.1545(a)(3). The ALJ need not discuss every piece of

6

evidence but must logically connect the evidence to the ALJ's conclusions so that the court can provide meaningful review. *See Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). In making that determination, the ALJ must decide which treating and examining doctors' opinions should receive weight and explain the reasons for that finding. 20 C.F.R. § 404.1527(d), (f). Additionally, the ALJ's RFC assessment must contain a narrative discussion describing how the evidence supports the ALJ's conclusions and explaining why a medical source opinion was not adopted if the ALJ's RFC assessment conflicts with such an opinion. SSR 96-8p, 1996 SSR LEXIS 5, *20, 1996 WL 374184, at **5, 7; *accord Briscoe v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005).

The ALJ found that Kubiszewski must be allowed to shift positions ever twenty to thirty minutes for one to two minutes at a time, while remaining on task. The ALJ noted that this complied with the VE's testimony that a claimant such as Kubiszewski would be off-task if she needed to stand for more than five minutes in every hour. (R. 596). Kubiszewski testified that she could only sit for 15-20 minutes at a time, and that she could only stand for 10 minutes at a time. (R. 630-31). The ALJ acknowledges this testimony in the decision, stating that "claimant testified that she could sit for up to 20 minutes at a time, and could stand for up to 10 minutes at one time…." (R. 597). However, the ALJ failed to fully and properly discuss the sit/stand option and what evidence supported it. The ALJ did not explain how the evidence supported the sit/stand option as provided in the RFC.

The ALJ failed to build an accurate and logical bridge between the evidence in the record and the conclusion that Kubiszewski could work with a sit/stand option that allowed her to stand for 1-2 minutes every 20-30 minutes. While Kubiszewski testified that she could only sit up for 20-30 minutes before needing to change position, she never testified that standing for 1-2 minutes was enough to allow her to sit for another 20-30 minutes without shifting position. Moreover, no

physicians opined that standing for 1-2 minutes would allow her to continue to work seated for another 20-30 minutes. This error requires remand for further consideration of the sit/stand option as included in the RFC, as well as a clearer explanation of how the evidence in the record supports the ALJ's decision or requires a different conclusion. *See Diaz v. Berryhill*, 2:17-cv-314, 2018 WL 4627218, at *8 (N.D. Ind. Sept. 27, 2018) (remanding where an ALJ failed to explain "what she relied on or how she arrived at the calculation for the sit-stand option") (citing *Williams v. Berryhill*, No. 16 C 3807, 2017 WL 3130763, at *8 (N.D. Ill. July 24, 2017) (remanding where an ALJ failed to explain "why a 1-2 minute break (rather than a longer one) would be adequate" in a sit/stand option, and where the ALJ failed to support the decision with evidence to explain how she arrived at those calculations). "Because the ALJ did not explain the basis for the limitation, the Court cannot trace the path of her reasoning." *See Hurley v. Colvin*, No. 2:12-CV-103-PRC, 2014 WL 939441, at *15 (N.D. Ind. Mar. 10, 2014) (remanding where the ALJ provided "no explanation as to why [the claimant] only required a standing option of 5 to 10 minutes, as opposed to 15, 20, or 30 minutes or even a sit/stand at-will option" and no "treating, examining, or reviewing physicians indicated what amount of time would fully accommodate [the claimant's] pain"). On remand, the ALJ should explain how the medical evidence supports his decision, or in the alternative, provide an RFC that can be substantiated by the evidence.

More problematically, it appears that the ALJ reached his decision by improperly using the VE testimony to create the RFC. The ALJ provided a footnote in the RFC stating that the VE had testified that an individual would be off-task if she needed to stand for more than five minutes in every sixty minute period. (R. 596). The ALJ appears to have relied on the VE testimony to determine that Kubiszewski could stay on task despite her sit/stand option if she was only standing for four minutes every hour. There is no other evidence discussed in the decision that supports the

8

RFC's sit/stand option, and this footnote regarding the VE's testimony is the only discussion of how long Kubiszewski would need to stand for her sit/stand option. Without other evidence to support the decision, this footnote implies that the ALJ used the VE's testimony as evidence to inform the RFC, which is improper. The ALJ must not start with a determination of "not disabled" and then work back to form an RFC that would substantiate that decision based on VE testimony. Without any discussion of the evidence in the RFC discussion, the Court cannot determine whether the ALJ properly determined the evidence in finding that Kubiszewski can work with a sit/stand option of standing for 1-2 minutes every 20-30 minutes. The RFC must be based on the evidence in the record and the testimony of the claimant or her friends and family. 20 C.F.R. § 404.1545(a)(3). The ALJ's failure to support the sit/stand option with evidence in the record, as well as the apparent crafting of the RFC based on the VE's testimony requires remand.

Kubiszewski also argues that the ALJ erred in determining her manipulative limitations. The ALJ limited Kubiszewski to frequent handling, fingering, and feeling with the dominant hand. (R. 596). The ALJ noted she was able to perform fine and gross motor movements effectively on a sustained basis. (R. 598). While the ALJ described Kubiszewski's moderate to severe carpal tunnel syndrome, complaints of pain and numbness, and evidence of denervation, the ALJ ultimately found that there was no electrodiagnostic evidence of right cervical radiculopathy, brachial plexopathy, or peripheral polyneuropathy involving the right upper extremity. While the record documents her pain, right carpal tunnel syndrome, and tenderness, Kubiszewski has offered no evidence that her carpal tunnel syndrome and right shoulder impairment resulted in more functional impairments than those described by the ALJ. Kubiszewski asserts that she should be limited to occasional handling, fingering, and feeling with her dominant hand, which would be work preclusive. However, she does not provide any evidence that such a functional limitation would be

9

required. Kubiszewski has not fulfilled her burden of proof in alleging that she required further functional limitations. Regardless, because the ALJ erred elsewhere in the RFC, he will have the opportunity fully and properly evaluate all Kubiszewski's limitations on remand.

Finally, Kubiszewski asserts that the ALJ erred by failing to discuss her need to elevate her leg. Kubiszewski testified that she needed to elevate her left leg on "the bar of the metal chair" while sitting. (R. 630). However, this is not supported elsewhere in the evidence outside of an opinion that the ALJ properly discounted as being outside the relevant period. The majority of Kubiszewski's argument relies on the opinion of Dr. Both, to whose opinions the ALJ provided little weight. (R. 600). Regardless, the ALJ is not required to discuss every piece of evidence, and the VE testified that a claimant could perform the jobs about which he testified, even if she needed to elevate her legs up to six inches. (R. 644-45). There is no evidence in the record that states she would need to elevate her legs farther than six inches. The ALJ did not err in failing to discuss any supposed need to elevate her legs during the workday.

### 5. *Subjective Symptoms*

Kubiszewski also asserts that the ALJ erred in weighing her subjective symptoms. She initially argues that the ALJ used boilerplate language that violates the ALJ's requirement to decide a case based upon a preponderance of the evidence standard. While there is some discussion of whether the boilerplate used by ALJs is proper in discussing subjective complaints, an ALJ's evaluation of subjective symptoms will be upheld unless it is patently wrong. *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). Some judges in this district have held that "under SSR 16-3p …, the ALJ must 'evaluate whether the statements are consistent with the objective medical evidence and the other evidence.' Therefore, the use of the language 'not entirely consistent' is not, by itself, a basis for remand." *Blackwell v. Berryhill*, No. 2:17-CV-00460-JVB-APR, 2019 WL 1397476, at

\*5 (N.D. Ind. Mar. 27, 2019) (citations omitted); *see also Joyce W. v. Berryhill*, No. 2:18-cv-104-JVB-JEM, 2019 WL 2353500, at \*5 (N.D. Ind. June 3, 2019); *Torres v. Berryhill*, No. 2:17-cv-393, 2019 WL 2265367, at \*6 (N.D. Ind. May 28, 2019). If the ALJ properly discusses and analyzes the subjective symptoms elsewhere, the use of boilerplate language is not, on its own, a fatal error. Therefore, the issue hinges on whether the ALJ properly discussed and analyzed Kubiszewski's subjective symptoms outside of the boilerplate language. Here, the ALJ failed to fully and properly discuss her subjective symptoms. This error requires remand.

The ALJ did not specifically discuss Kubiszewski's subjective symptoms or analyze them using evidence in the record. Although the ALJ provided a list of her subjective symptoms throughout the decision, at no point does he identify which subjective complaints he found to be consistent or inconsistent with the evidence. This is not a proper analysis of Kubiszewski's subjective complaints. *See Ralston v Saul,* 3:18-cv-996-PPS, 2019 WL 5558798, at \*2-4 (N.D. Ind. Oct. 29, 2019) ("It is not enough to simply say that the evidence conflicts with the claimant's testimony; the ALJ must show *how* it conflicts."). Without any analysis of how Kubiszewski's subjective complaints either are consistent or inconsistent with specific pieces of evidence in the record, there is no "logical bridge" between the evidence and the ALJ's conclusion, and thus the case must be remanded. *McKinzey v. Astrue*, 641 F.3d 884, 890 (7th Cir. 2011) ("the ALJ must explain her decision in such a way that allows us to determine whether she reached her decision in a rational manner, logically based on her specific findings and the evidence in the record."). The ALJ's failure to properly discuss Kubiszewski's subjective complaints cannot overcome the ALJ's use of boilerplate language, which does not adequately reflect the language in the regulations. Without a proper analysis, the use of boilerplate language is also in error, as the boilerplate language seems to require that Kubiszewski's testimony be completely consistent or else be discounted. This

11

does not comply with the regulations, which require that subjective symptoms be evaluated to see if they "can [be] reasonably accepted as consistent with" the evidentiary record. 20 C.F.R. § 416.929(a).

The ALJ does make statements regarding improvement in symptoms following a steroid injection, as well as noting that Kubiszewski was not a surgical candidate. (R. 600). It is unclear if the ALJ was using these statements to support her discrediting of Kubiszewski's subjective symptoms, as they were not discussed in conjunction with subjective symptoms. Regardless, finding that Kubiszewski was not a candidate for surgery does not on its face mean that she was not suffering from pain or other limitations. On the contrary, although her doctors found she was not a candidate for surgery, they continued to prescribe narcotics and epidural injections. (R. 277, 280, 384, 527-30, 800, 1061, 1372). Moreover, Kubiszewski attended physical therapy and had multiple emergency room visits for pain. (R. 243, 276, 280, 307, 1117). Without a full discussion of Kubiszewski's subjective complaints and the evidence that either supports or contradicts her complaints, the Court cannot conduct meaningful review or be sure that the ALJ properly considered the evidence.

**CONCLUSION**

For the foregoing reasons, the Decision is REMANDED. The Clerk is DIRECTED to enter judgment in favor of Plaintiff and against Defendant.

SO ORDERED on November 10, 2020.

       s/ *Holly A. Brady*
       JUDGE HOLLY A. BRADY
       UNITED STATES DISTRICT COURT